UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| GERALD ANTWAIN LEWIS WASHINGTON,<br><br> Plaintiff,<br><br>v.<br><br>SHERIFF AL ST. LAWRENCE, CHATHAM COUNTY JAIL, CITY OF SAVANNAH, CHATHAM COUNTY, and CITY OF SAVANNAH POLICE DEPARTMENT,<br><br> Defendants. | Case No. CV412-062 |

## REPORT AND RECOMMENDATION

Before the Court is Gerald Washington's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed *in forma pauperis* ("IFP") on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject

to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915(e)(2)(B) (courts must dismiss claims in IFP cases which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief; 28 U.S.C. § 1915A (same as applied to all prisoners, even in non-IFP cases); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Washington states that he was detained on charges of theft by taking but claims that he did not commit the crime, as he was in jail at the time the crime was committed. (Doc. 1 at 5.) He sues the defendants for "false imprisonment." (*Id.*) He seeks damages and his freedom. (*Id.*)

Washington concedes that he was arrested pursuant to a warrant. (Doc. 1 at 5.) The constitutional tort of false imprisonment (or false arrest) arises from "detention *without legal process*." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). False imprisonment claims provide recovery for damages between the time warrantless detention commences and the issuance of legal process. *Id.* at 390 ("false imprisonment ends once the

victim becomes held *pursuant to [legal] process*"); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (false arrest claims "'cover the time of detention up until the issuance of process or arraignment, but not more'"); *Whiting v. Traylor*, 85 F.3d 581, 585 n.8 (11th Cir. 1986) (same). Because Washington was arrested pursuant to legal process (i.e., an arrest warrant), he has not stated facts supporting a false imprisonment claim. Instead, he appears to assert "the entirely distinct" tort of malicious prosecution, which remedies detention arising from the *"wrongful institution* of legal process." *Wallace*, 549 U.S. at 390; *Taylor v. Waranzak*, No. CV497-272, doc. 81 (Report and Recommendation) at 26 (S.D. Ga. Jan. 19, 1999) ("'An arrest warrant constitutes legal process and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process.'") (quoting *Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 3-4 (1st Cir. 1995)).

Were the Court to substitute "malicious prosecution" for "false imprisonment," Washington's claim would still fail. An element of the tort of malicious prosecution is the termination of the criminal proceedings in plaintiff's favor. *Wallace*, 549 U.S. at 392 (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). Thus, Washington may not

3

pursue "a § 1983 action seeking damages for unconstitutional conviction or confinement [pursuant to legal process] . . . [until] the underlying criminal case has been dismissed or reversed in [his] favor." *Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010). He has not alleged a favorable termination. In fact, the state court docket shows that he was convicted and sentenced to 12 months' imprisonment. *See* Chatham County, Georgia Court Case Search System, *available at* http://www.chathamcourts.org/ (last visited June 18, 2012); *State v. Washington*, No. CR112742 (Ga. Sup. Ct. Mar. 13, 2012). Thus, any malicious prosecution claim has yet to accrue.

Even absent those issues, Washington's case faces many additional hurdles. For instance, if the prosecution was still ongoing, the Court could not simply step in and stop it to grant Washington his "freedom."[1]

---

[1] In that regard, his complaint may be read at least in part as advancing a 28 U.S.C. § 2241 habeas action. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies. Since he stands convicted, the only way he could raise such a claim in this Court would be pursuant to a 28 U.S.C. § 2254 habeas petition, but like a § 2241 petition, it would likely be subject to immediate dismissal for lack of exhaustion.

As a general rule, "federal courts . . . abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Moreover, the Chatham County Jail and City of Savannah Police Department are not entities capable of being sued. *See, e.g., Miller v. Benton County Jail*, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); *Agnew v. St. Joseph County Jail*, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law). Hence, those defendants would be dismissed. And any claim for damages against Al St. Lawrence in his official capacity would be barred by sovereign immunity. "Suits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). The

5

sheriff, in his official capacity, is an arm of the state, and thus cannot be sued for damages under the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), and *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007)).

Plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425-26 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Washington must pay for filing this lawsuit. Based upon his furnished information, he owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). But his

custodian (or designee) shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 19th day of June, 2012.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA